IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

SHIRLEY L. BAKER,

      Plaintiff,

V.                                                            CIVIL ACTION NO. 3:07-0961

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

**<u>MEMORANDUM ORDER</u>**

In this action, filed under the provisions of 42 U.S.C. § 1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying her application for supplemental security income based on disability. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Plaintiff filed her application on November 5, 2003, alleging disability as a consequence of back problems, breathing difficulties, anxiety, depression, problems with reading and carpal tunnel syndrome. On appeal from an initial and reconsidered denial, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was forty-six years of age and had obtained a high school education. Her past relevant employment experience consisted of work as a

cook, delivery driver, egg packer, janitor and laborer. In his decision, the administrative law judge concluded that plaintiff suffers from degenerative disc disease of the lumbar spine, chronic obstructive pulmonary disease (COPD), generalized anxiety disorder and major depressive disorder, impairments which he found to be severe. Though concluding that plaintiff was unable to perform her past relevant work,[1] the administrative law judge determined she had the residual functional capacity to perform a limited range of light level work and, relying on Rule 202.20 of the Medical-Vocational Guidelines[2] and the testimony of a vocational expert, found her not disabled.

Before this Court, plaintiff asserts error in evaluating her credibility, contending that the administrative law judge failed to consider all of the factors listed in the regulations. The regulations describe a two-step process for evaluating symptoms.[3] The administrative law judge must first consider whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the individual's pain or other symptoms.[4] If such an impairment is established, the administrative law judge must then evaluate the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limit the individual's ability to do basic work activities.[5] The latter step requires consideration of both the objective

---

[1] This finding had the effect on shifting a burden of production to the Commissioner with respect to other work plaintiff was capable of performing. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[2] 20 C.F.R. Part 404, Subpart P, App. 2, Table No. 2.

[3] See 20 C.F.R. § 416.929; See also, SSR 96-7p; Craig v. Chater, 76 F.3d 585, 592-96 (4th Cir. 1996).

[4] Id.

[5] Id.

medical evidence and subjective evidence of a claimant's pain or other symptoms, and, while objective medical evidence may be "crucial" in evaluating the intensity, persistence, and limiting effects of symptoms, <u>Craig</u> v. <u>Chater</u>, supra at 595, subjective complaints may not be discredited solely because they lack objective support. <u>Hines</u> v. <u>Barnhart</u>, 453 F.3d 559, 565 (4th Cir. 2006).

Examination of the record in this case establishes that, after finding impairments that could reasonably be expected to produce the symptoms alleged, the administrative law judge assessed the plaintiff's credibility, concluding that her statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely credible. The administrative law judge made this credibility determination after having the opportunity to observe plaintiff at the hearing and after considering the relevant factors listed in SSR 96-7p.[6] In considering these factors, the administrative law judge noted that plaintiff is able to take care of her own personal needs, except for putting on her shoes; visit relatives; watch television; and listen to the radio. He noted complaints of constant back pain, aggravated by bending and sitting, and that she has been prescribed pain medication, received physical therapy without improvement, and has used a cane.

The administrative law judge proceeded to list several inconsistencies between plaintiff's statements and the medical evidence. At the hearing she testified that her driver's license had been suspended for about six years. Contrary to this statement, she previously reported that she worked as a pizza delivery person in 2001, she drove herself to an appointment and presented a driver's

---

[6] <u>See also</u> 20 C.F.R. § 416.929(c)(3); The factors include: (1) the extent of claimant's daily activities; (2) location, duration, frequency, and intensity of symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of medication; (5) treatment other than medication; (6) any measures other than treatment used to relieve pain; and (7) any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms.

license as proof of identification in 2004, and she also represented to Mr. Riffle that she had been an award-winning cab driver.  The administrative law judge also noted inconsistencies in her statements regarding her ability to shop, her past employment experience, and Dr. Womeldorf's statement that her symptoms were out of proportion with the minimal findings on her MRI.  Based on the foregoing, it is clear that appropriate methodology was applied by the administrative law judge and that substantial evidence supports his findings regarding plaintiff's credibility.

Plaintiff also contends that the administrative law judge failed to explain the weight given the medical opinions of the state agency physicians and her treating physician.  An administrative law judge is to consider the following when evaluating medical opinions: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist."[7]  The regulations make clear that the administrative law judge "will not give any special significance to the source of an opinion on issues reserved to the Commissioner . . . ."[8]  They also state that "[t]he responsibility for deciding ... residual functional capacity rests with the administrative law judge or Appeals Council,"[9] and that the Commissioner must "give good reasons in [the] notice of determination or decision for the weight [given a] treating source's opinion."[10]  Clearly, it is the Commissioner's responsibility to make the final decision

---

[7] Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527).

[8] 20 C.F.R. § 416.927(e)(3)

[9] Id. § 416.946

[10] Id. § 416.927(d)(2)

regarding the plaintiff's abilities, and he can reject medical opinions so long as he gives reasons therefor, and those reasons are supported by the evidence.

Plaintiff contends that the administrative law judge should have specified the weight given to each medical opinion in the record.  Plaintiff was evaluated for her physical residual functional capacity by both Dr. Franyutti and Dr. Lauderman.  Dr. Franyutti found plaintiff limited to medium level work.  Subsequently, Dr. Lauderman found plaintiff limited to light level work with both postural limitations and environmental restrictions.  Upon review of the record, it is apparent that the administrative law judge merely adopted the more restrictive findings of Dr. Lauderman, including the exact same postural and environmental limitations.  Plaintiff was also evaluated for her mental residual functional capacity.  Once again, the administrative law judge adopted the findings of one of the state agency examiners, Michael Carter, Ph.D.  These findings were again the most restrictive findings available to the administrative law judge, and provided for moderate limitations on her ability to understand, remember, and carry out detailed instructions, interact with supervisors, and relate to co-workers.

Plaintiff also alleges that the administrative law judge erred by not addressing her treating physician's statement that she was not able to work.  However, a physician's statement that a claimant is "disabled" or "unable to work" is not a medical opinion, but is, instead, an opinion on an issue "reserved to the Commissioner."[11]   As such, the opinion is not binding, though the

---

[11] 20 C.F.R.  § 416.927(e)

Commissioner must consider all the evidence supporting the medical source's opinion, as well as all the other evidence of record.[12]

When, as here, an administrative law judge has adopted the most limiting medical source opinions supported by the record, while failing to address other opinions, that omission clearly has not affected the outcome of the disability determination and does not establish a basis for remand. This court, accordingly finds that, despite its imperfections, the functional capacity adopted by the administrative law judge is supported by the record.

Lastly, plaintiff contends that the administrative law judge did not properly consider plaintiff's prior denial of disability benefits in accordance with AR-00-1(4) and its interpretation of Albright.[13]  Plaintiff argues that the administrative law judge must address each factor from the acquiescence ruling in his decision.  However, it is clear from the administrative law judge's decision that he considered the prior disability determination, and he found plaintiff more limited than the prior adjudication.[14]  The functional capacity arrived at by the administrative law judge included limitations based on plaintiff's COPD as well as limitations based on her psychological symptoms.  Therefore, unlike Albright, the administrative law judge did not decide plaintiff's claim based solely on the prior disability denial.  He considered the entire record and came to his own

[12] Id.

[13] Albright v. Commissioner of the Social Security Administration, 174 F.3d 473 (4th Cir. 1999).

[14] AR-00-1(4) states: "... [A]n adjudicator determining whether a claimant is disabled during a previously unadjudicated period must consider ... a prior finding as evidence and give it appropriate weight in light of all relevant facts and circumstances."

6

conclusion regarding the previously unadjudicated time period, taking into account the prior functional capacity arrived at by the Commissioner.

Review of the record establishes to the Court's satisfaction that the administrative law judge's findings with respect to plaintiff's impairments, the resultant work-related limitations, the weight given various medical opinions, and the assessment of plaintiff's credibility are supported by substantial evidence. Under such circumstances, the decision of the Commissioner must be affirmed.

On the basis of the foregoing, it is **ORDERED** that plaintiff's motion for judgment on the pleadings be denied, that the like motion of defendant be granted, and the decision of the Commissioner affirmed. All matters in this case being concluded, it is **ORDERED** dismissed and retired from the Court's docket.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER:   October 26, 2009

MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE